**SHELBY MUTUAL CASUALTY CO., Plaintiff-Appellant, v. GEORGE BYERS SONS, Inc., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4121. Decided October 1, 1948.

Richard Huggard and Collis Gundy Lane, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the Municipal Court of Columbus, Ohio. The action is one for damages to an automobile while in the alleged custody of the defendant for repairs. Trial was had by the Court and a judgment rendered for the defendant. Ten alleged errors are assigned which may be epitomized as follows:

(1) The judgment is founded upon no evidence and also against the manifest weight of the evidence.

(2) The judgment is contrary to law.

The record discloses that Sam Shearer was the owner of the automobile involved in this action; that it was damaged in a collision; that the plaintiff is an insurance company which had issued a policy of insurance on the car, and under the terms of the policy it settled with Shearer for the loss and in turn had been subrogated to all the rights of the insurer.

The defendant operated a garage for the repair of automobiles. One of the defendant's employees who held the position of repair foreman was named Jack DeHayes. He had been an acquaintance and friend of Sam Shearer for some twenty years and during this time had worked on his car on numerous occasions. Therefore, on this occasion he went direct to DeHayes telling him the condition of his car and the things he desired to be done, although the taking of orders for work was not within the scope of his employment. There is a dispute in the record as to this conversation with DeHayes. The plaintiff is contending that its policyholder told him to take the car out and thoroughly test it, even run it home to lunch to be sure that it was functioning properly; that he was leaving the city and would not return for the car for about a week. The defendant claims that DeHayes

was told by Shearer to take the car home and to use it as his own; that the car was turned over to DeHayes at the Union Station and it was in his possession several days before bringing it to the defendant's place of business; that he brought it in on a Friday and had the work order properly prepared; that the work was completed and that on the following Saturday DeHayes and the mechanic who worked on the car took it out and tested it. On Saturday afternoon at three o'clock DeHayes informed Mr. Byers, the manager of the defendant company, that Shearer told him he could use the car, so he was permitted to take the car home with him as the work was completed. On the following day the accident occurred.

A request was made for a separate finding of fact and conclusion of law, as a result of which the trial court made the following findings:

### Findings of Fact.

1. Shearer gave DeHayes possession of his car and not to the defendant garage.

2. DeHayes and Shearer made a personal agreement between themselves as to the driving of the latter's automobile.

3. DeHayes had Shearer's permission to drive the car as his own until Shearer requested its return.

4. Shearer never talked with anyone in authority at the defendant's garage about the repairs.

5. DeHayes had no authority to act for the Byers' garage and bind them on a contract of bailment.

6. Shearer had actual knowledge of DeHayes limited authority.

7. DeHayes was driving Shearer's car for his own pleasure on Sunday evening when the loss occurred and on no business of the defendant's garage.

### Conclusions of Law.

1. No bailment existed between the plaintiff's insured and the defendant's garage.

2. The plaintiff has failed to prove a bailment between its insured and the defendant.

3. DeHayes' acts did not bind the defendant's garage because he was acting beyond the scope of his authority.

4. Plaintiff is estopped to claim DeHayes had authority to act for defendant's garage because of Shearer's actual knowledge of DeHayes' authority.

5. Doctrine of respondeat superior does not apply.

We find that there is sufficient evidence in the record to support the findings of fact, none of which is against the mani-

fest weight of the evidence. Likewise the conclusions of law are properly drawn and the judgment is not contrary to law. The appellant urges that since the defendant rendered a bill to Shearer for the work performed on the automobile, by this act he had ratified the acts of DeHayes as its agent and is therefore estopped to deny the agency. This is a correct statement of the law and had application while the automobile was in defendant's possession, but the trial court found that De-Hayes had Shearer's permission to drive the car as his own until he requested its return; that DeHayes was driving the car for his own pleasure when the loss occurred. From these findings of fact the conclusion follows that the contract of bailment between the insured and the defendant terminated on the Saturday afternoon when the car was released to DeHayes for his own personal use.

We find no error in the record, and the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.